UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN T.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

Case No. 1:21-cv-349

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Steven T. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On July 9, 2019, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging he became disabled on January 6, 2020, based upon a combination of physical and mental impairments listed as vision problems, hypertension, bleeding hemorrhoids and major depression. (Tr.192-198). After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ"). At a hearing held on November 2, 2020, Plaintiff appeared with counsel and gave testimony before ALJ Peter Boylan. On November 12, 2020, the ALJ

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

issued an adverse written decision, concluding that Plaintiff was not disabled. (Tr. 23-32).

Plaintiff was born in 1969 and was 49 years old on the alleged onset date of disability. He has a sixth-grade education and past relevant work as a heavy machine operator and a dump truck driver.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "depression and a learning disorder." (Tr. 25). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform medium work subject to the following limitations:

> He is limited to simple, routine tasks and simple work related decisions. He cannot perform fast-paced production rate work. He is limited to superficial interaction with coworkers and the public with superficial defined as no tandem tasks, no confrontation, and no negotiation. He is limited to occasional change in work duty or setting.

(Tr. 27). The ALJ concluded that based on Plaintiff's age, education, work experience, and RFC, a hypothetical individual would be able to perform the requirements of a significant number of jobs, including laundry laborer, cleaner II, and hospital cleaner. (Tr.31). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to find additional "severe" impairments, (2) improperly determining Plaintiff's mental and physical RFC; and (3) improperly evaluating

the opinion evidence.² Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

  I.     Analysis

  A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from

---

² For the Court's convenience, the last two erros will be considered together.

> the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

4

### B. The ALJ's Decision is supported by Substantial Evidence

*1. Step-Two Finding*

Plaintiff argues that the ALJ's step two finding was deficient because the ALJ did not find any of his physical impairments to be "severe." (Doc.8 at 16-19, Tr. 26). This argument lacks merit.

For an impairment to be "severe," it must be expected to last more than 12 months and more than "minimally" affect a claimant's work ability. See 42 U.S.C. § 423(d)(1)(A); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) ("an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience").

In his step two finding, the ALJ noted that Plaintiff also had several impairments he found to be non-severe. (Tr. 21). However, as noted by the Commissioner, the ALJ found that there is no evidence that any of Plaintiff's non-severe impairments imposed more than minimal functional limitations on the Plaintiff's ability to perform work related activity. Accordingly, the undersigned finds that the ALJ's decision is substantially supported in this regard.

In support of his assertion that his anxiety and physical impairments were severe, Plaintiff points to his own testimony, high blood pressure, rectal bleeding secondary to hemorrhoids, degenerative low back with leg length discrepancy, and left-hand issues (Doc. 8 at 17-19). As the ALJ pointed out, these conditions were managed with medications or treatment. (Tr. 26, 272, 276, 277, 281, 283, 339, 379, 385, 407, 413, 414, 461, 524, 549, 898, 899, 902, 952, 953). *Eddy v. Comm'r of Soc. Sec*, 506 F. App'x 508,

5

509 (6th Cir. 2012) (ALJ properly considered that treatment had stabilized or improved a claimant's condition).

At step two, Plaintiff bears the burden of showing his alleged impairments affect him more than minimally and, in light of this evidence, it was reasonable for the ALJ to find he was unable to do so. See Watters v. Comm'r of Soc. Sec., 2013 WL 3722099 at *2 (6th Cir. July 17, 2013) ("Although the standard is de minimis, the plaintiff still bears the burden of demonstrating that he suffers from a medically determinable . . . impairment."). In short, the ALJ found that Plaintiff had at least one severe impairment and then properly proceeded to the third step of the evaluation process. (Tr. 25). Castile v. Astrue, 617 F.3d 923, 927 (7th Cir. 2010) ("As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process."). In other words, "[b]ecause the ALJ found that [Plaintiff] had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." Pompa v. Comm'r of Soc. Sec., 73 F. App'x 801, 803 (6th Cir. 2003); see also Anthony v. Astrue, 266 F. App'x 451, 457 (6th Cir. 2008) (where the ALJ found that claimant had a severe impairment, "[t]he fact that some of [claimant's] impairments were not deemed to be severe at step two is [] legally irrelevant.").

Accordingly, the undersigned finds that substantial evidence supports the ALJ's step two finding. See Longworth v. Comm'r of Soc. Sec, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.")

6

*2. RFC Assessment and Evaluation of Opinion Evidence*

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it failed to properly consider Plaintiff's anxiety and additional diagnosed medical conditions. Plaintiff's contentions are unavailing.

The RFC is the most Plaintiff can still do despite the physical and mental limitations resulting from his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155-56 (6th Cir. 2009) (citing the regulations). It is a determination based on all of the relevant medical and other evidence and is ultimately an administrative determination reserved to the Commissioner. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996). Plaintiff has the burden to provide evidence to establish his RFC. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p. While the ALJ must determine Plaintiff's RFC, based upon all relevant evidence, "the ALJ is not required to produce evidence and affirmatively prove that a claimant can lift a certain weight or walk a certain distance." *Martise v. Astrue*, No. 4:08-CV-1380, 2010 WL 889826, at *22 (E.D. Mo. Mar. 8, 2010), aff'd, 641 F.3d 909 (8th Cir. 2011).

Here, the ALJ determined that Plaintiff could perform a range of unskilled, medium work. (Tr. 27). The ALJ also found that there was a general lack of evidence supporting greater limitations. (Tr. 27-30). While acknowledging that Plaintiff presented at times as depressed, irritable, and agitated. (Tr. 26, 360, 368, 403, 445, 448, 726, 730, 745, 758, 770, 839, 871), the ALJ highlighted that many mental status examinations throughout the record were essentially normal. (Tr. 28, 272, 275, 333, 337, 341, 383, 387, 396, 430, 460, 901, 905, 937, 957). The ALJ also observed that although Plaintiff reported ongoing

7

fatigue and lack of energy, he experienced some improvement with treatment. (Tr. 28, 342, 421).

In formulating Plaintiff's RFC, the ALJ also considered the reviewing physicians' and psychologists' findings as well as medical opinion evidence from nurse Stacey Poe, APRN and consultative psychologist, Jessica Twenhues, Psy.D. (Tr. 29-30).  Plaintiff argues however, that the ALJ's evaluation of the opinion evidence is not supported by substantial evidence.

Because Plaintiff applied for benefits after March 27, 2017, the ALJ applied a new set of regulations for evaluating medical evidence that significantly alters how the agency considers medical opinions. See 20 C.F.R. § 404.1520c. Specifically, the new regulations eliminate any semblance of a hierarchy of medical opinions. See 20 C.F.R. § 404.1520c(a). They also eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. Accordingly, the new regulations require an ALJ to explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ is not required to explain how he considered other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. Id.; 20 C.F.R. § 404.1520c(b)(3).

Here, the ALJ analyzed the reviewing physicians' findings and found that while each may have been consistent with the evidence at the time of their review, the physical impairments in combination warranted Plaintiff's RFC for medium work.  (Tr. 29). The ALJ

8

assigned greater restrictions based on a review of the entire record. See 20 C.F.R. § 404.1520c.

With respect to Plaintiff's mental impairments, on initial consideration, Aroon Suansilppongse, M.D. indicated that Plaintiff had no severe mental impairments. (Tr. 29, 90-91). On reconsideration, Todd Finnerty, Psy.D. appropriately found severe depression and the ALJ reasonably found Dr. Finnerty's findings somewhat persuasive, noting that although Plaintiff was sometimes depressed, irritable or agitated, there were numerous appointments where he presented with a normal mood and affect. (Tr. 29, 100-01). See *Glasgow v. Comm'r of Soc. Sec.*, 690 F. App'x 385, 387 (6th Cir. 2017) (even though they did not have access to the entire record, the ALJ properly credited the State agency reviewing physician's opinion because it was "supported by the totality of the medical and vocational evidence in the record").

The ALJ also considered the opinion of Nurse Poe, Plaintiff's treating psychiatric nurse practitioner. The ALJ outlined that in April 2020, Nurse Poe completed a mental health assessment form wherein she indicated that Plaintiff had some marked and extreme limitations. She further opined that Plaintiff would be unable to function at all 5 or more days per month. (Tr. 30). The ALJ determined Nurse Poe's "opinion is not persuasive." (Tr. 30).

As detailed by the Commissioner, the ALJ properly complied with the revised regulations and sufficiently explained that he found Ms. Poe's opinion unpersuasive because it was poorly explained and proposed extreme limitations that were inconsistent with the aforementioned unremarkable objective clinical findings and observations (Tr. 21, 894-96). See 20 C.F.R. § 404.1520c(b)(2). Moreover, the ALJ also reasonably found

Ms. Poe's opinion unpersuasive because Plaintiff was not always compliant with medication, but when he was, it effectively treated Plaintiff's psychological symptoms. See 20 C.F.R. § § 404.1520c.

The ALJ reasonably stated that Ms. Poe provided no supporting comments or explanation for her findings. (Tr. 30). The opinion consists of a series of checkmarks with no substance. *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017) (medical opinion evidence consisting largely of one-word answers, circles, and check marks has been characterized as "'weak evidence at best' that meets the 'patently deficient standard'") (citation omitted); *see also Mader v. Astrue*, 2011 WL 2650183 at *9 (S.D. Ohio June 16, 2011) (Ovington, MJ) (treating physician's opinion that claimant's condition "impairs [his] ability to work" was "vague and conclusory and fails to specify exactly what [the claimant] could or could not do" and thus was "patently deficient").

Plaintiff argues that the ALJ improperly rejected Ms. Poe's opinion based on certain abnormal findings. However, as noted by the Commissioner, the issue isn't whether Ms. Poe could point to a few abnormal findings and observations. The issue is instead whether Plaintiff can prove that it was per se unreasonable for the ALJ to rely on the substantially more voluminous evidence of benign mental status findings and his improvement on medication, as well as Ms. Poe's total failure to address that evidence in her opinion. (Tr. 28, 272, 275, 333, 337, 341, 383, 387, 396, 430, 460, 901, 905, 937, 957). *See Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2011) (the ALJ properly discounted a treating physician's opinion about the claimant's marked mental limitations where it was inconsistent with the physician's own treatment observations); *see also Flournoy v. Comm'r of Soc. Sec.*, 2018 WL 2440689, at *5 (S.D.

10

Ohio May 25, 2018) (affirming an ALJ's finding that a treating source opinion was entitled to only little weight where there was a form with no citations to medical evidence from his visit notes or other evidence to support the opinion and upholding the decision overall even when "the undersigned may have reached a different conclusion if considering the record upon a de novo review" as the "Court must give deference to the ALJ's decision where, as here, it is supported by substantial evidence"); *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.*"); Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion.").

As such, under this Court's deferential standard of review, Plaintiff's disagreement with the ALJ's reasonable interpretation of this evidence is not a basis for reversal. See *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (under the substantial evidence standard, an agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Buxton*, 246 F.3d at 773.

Plaintiff also argues that the ALJ's RFC was improperly based upon functional assessments by state agency reviews done at the initial and reconsideration levels, and that those opinions did review "a great deal of additional evidence that came in after those state agency reviews were done." (Doc. 8 a 20). Plaintiff's contentions are unavailing.[3]

---

[3] Plaintiff also makes a perfunctory request for a sentence six remand to consider new evidence. Notably, Plaintiff was evaluated by Christian Messer Gaitskill, MSW, LSW a month after the ALJ issued his decision. Plaintiff asks the court to consider this evidence. Pursuant to Sentence Six, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is both new, in that it was "not in existence or available to the claimant at the time of the administrative proceeding" and "material,"

11

As noted by the Commissioner, there is "no categorical requirement that [a] non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011) (quoting SSR 96-6p). *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) ("McGrew also argues that the ALJ improperly relied on the state agency physicians' opinions because they were out of date and did not account for changes in her medical condition. It is clear from the ALJ's decision, however, that he considered the medical examinations that occurred after [the state agency physician's] assessment . . . and took into account any relevant changes in McGrew's condition.").

Here, the ALJ properly considered the later evidence and assigned greater restrictions than the reviewing physicians opined in ultimately concluding that Plaintiff was limited to medium work due to the combination of his physical impairments. These additional limitations show that the ALJ subjected the reviewing physicians' assessments to proper scrutiny generally. See *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016) (finding that the ALJ subjected a non-examining opinion "to at least some scrutiny" where, inter alia "the ALJ … applied even greater restrictions in this area than [the non-examining doctor] opined were appropriate."). The ALJ also clearly cited to evidence in September and October 2020 (Tr. 30, 937, 957). Accordingly, the ALJ adequately accounted for the time gap between the date of the agency reviewing

---

meaning there is "a reasonable probability that the Secretary would have reached a different disposition." *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001) (citations omitted); *see also Hollon v. Com'r of Soc. Sec.,* 447 F.3d 477, 483 (6th Cir.2006). Plaintiff fails to develop this argument in any meaningful way and does not make any assertions or argument that this evidence is new or material. Issues raised in such a manner with no accompanying argument are deemed waived, See *Hollon*, 447 F.3d at 491 (6th Cir. 2006) ("we decline to formulate arguments on [the claimant's] behalf"; "we limit our consideration to the particular points that [the claimant] appears to raise in her brief on appeal"). Accordingly, Plaintiff request for a sentence six remand is not well-taken and should be denied.

12

physician assessments and the ALJ's hearing decision. *See also Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (affirming the Magistrate Judge's decision which noted that "[t]here will always be a gap between the time the agency expert's review the record and . . . the time the hearing decision is issued. Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand.").

The record provides substantial evidence to support the ALJ's assessment of Plaintiff's RFC, and Plaintiff failed to prove that he had additional limitations. The Commissioner's findings must stand if substantial evidence supports them, regardless of whether the reviewing court would resolve conflicts in the evidence differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154; see *Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 726 (6th Cir. 2004) (stating "substantial evidence is a fairly low bar").

The ALJ's findings in this case were well within the zone of reasonable choices. See *McClanahan*, 474 F.3d at 833; accord *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the

Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."). Substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

### III. Conclusion

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED**, and that this case be **CLOSED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| STEVEN T. | Case No. 1:21-cv-349 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).